IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES MULLIN, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-2609 |
| | ) | JUDGE TRAUGER |
| ROLLING HILLS HOSPITAL, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM AND ORDER**

Pending before the court are a Report and Recommendation of the Magistrate Judge (Docket No. 57), Objections filed by Plaintiffs (Docket Nos. 62 and 66), and a Response to the Objections filed by Defendant (Docket No. 63). Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the court has reviewed *de novo* the parts of the Report and Recommendation that have been properly objected to. The Objections of the Plaintiffs will be overruled.

INTRODUCTION

Plaintiffs brought this action against Rolling Hills Hospital for alleged actions and inactions surrounding Plaintiff Amanda Mullin's self-admitted stay at Rolling Hills in August of 2015. Plaintiffs assert that, soon after she arrived at Rolling Hills, Amanda requested to be taken home. Thereafter, Plaintiffs claim, Amanda was involuntarily detained for two days at Rolling Hills. In their Amended Complaint (Docket No. 37), Plaintiffs allege the following causes of action: abuse of process, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, conversion, assault, and violation of a duty of care. Defendant moved to dismiss

this action, arguing, among other things,[1] that Plaintiffs failed to provide the required, pre-suit, written notice for this "health care liability action" under Tennessee law.

The Magistrate Judge, in a Report and Recommendation (Docket No. 57), recommended that Defendant's Motion to Dismiss be granted, finding that Plaintiffs' causes of action fall within the definition of "health care liability action" and that Plaintiffs failed to provide the required, pre-suit, written notice before filing this action. Plaintiffs have filed Objections to the Report and Recommendation, arguing that Defendant's commitment of Amanda was fraudulent and that their claims do not constitute a health care liability action.

## HEALTH CARE LIABILITY ACTIONS

Tennessee law defines "health care liability action" as:

any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based.

Tenn. Code Ann. § 29-26-101(a)(1).

"Health care services" are defined to include

care by health care providers, which includes care by physicians, nurses, licensed practical nurses, pharmacists, pharmacy interns or pharmacy technicians under the supervision of a pharmacist, orderlies, certified nursing assistants, advance practice nurses, physician assistants, nursing technicians and other agents, employees and representatives of the provider, and also includes staffing, custodial or basic care, positioning, hydration and similar patient services.

---

[1] Defendant also argued that Plaintiffs failed to meet the requirement of filing a certificate of good faith, pursuant to Tennessee law, with regard to expert proof of their claims. The Magistrate Judge found that expert proof was not required to establish Plaintiffs' claims. Defendant has not objected to that portion of the Report and Recommendation.

Tenn. Code Ann. § 29-26-101(b). The statute states that any health care liability action is subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint. Tenn. Code Ann. § 29-26-101(c).

Tennessee law also provides that any person asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty days before the filing of a complaint based upon health care liability in any court of this state. Tenn. Code Ann. § 29-26-121(a)(1). The court has discretion to excuse compliance with this section only for extraordinary cause shown. Tenn. Code Ann. § 29-26-121(b). Here, it is undisputed that Plaintiffs did not provide the required written pre-suit notice to Defendant before filing this action.

A motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the Health Care Liability Act pre-suit notice requirement. *Ellithorpe v. Weismark*, 479 S.W.3d 818, 823 (Tenn. 2015). The Tennessee Supreme Court has interpreted this notice requirement as mandatory, not directory. *Runions v. Jackson-Madison County General Hospital Dist.*, 2017 WL 514583 at * 5 (Tenn. Ct. App. Feb. 7, 2017) (citing *Myers v. AMISUB (SFH), Inc.,* 382 S.W.3d 300 (Tenn. 2012)). The proper sanction for noncompliance with this statute is dismissal without prejudice. *Foster v. Chiles*, 467 S.W.3d 911, 916 (Tenn. 2015).

DISCUSSION

Defendant argues that the Plaintiffs' Objections should be overruled because Plaintiffs fail to file *specific* objections to the Report and Recommendation. Even *pro se* parties' objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's recommendations, such that no party be allowed a second bite at the apple by simply

re-litigating a prior argument. *Batey v. Amerigroup Tennessee, Inc.*, 2011 WL 1100082 at * 3 (M.D. Tenn. Mar. 22, 2011). Plaintiffs' Objections do fail to present, with particularity, specific objections to specific portions of the Report and Recommendation. Given its holding herein, however, the court will not base its findings on this deficiency in Plaintiffs' Objections.

In their Objections, Plaintiffs contend that the certificates of need filed by Defendant for the involuntary commitment of Amanda Mullin were fraudulent. These certificates of need are extraneous documents, filed by Defendant but not considered by the Magistrate Judge on this Motion to Dismiss. Even if the court considers them, however, they are relevant to the merits of Plaintiffs' claims, not to whether this is a health care liability action. Even if the certificates were improper, that does not change the fact that Plaintiffs' claims relate to the provision or lack of provision of mental health care services.

Plaintiffs also object to being subject to the pre-suit written notice requirement. The court believes that the Magistrate Judge correctly found that Plaintiffs' claims constitute a "health care liability action" under Tennessee law. The allegations of the Amended Complaint all arise from Defendant's mental health care services rendered to Amanda Mullin. As found by the Magistrate Judge, the actions alleged to be wrongful, such as those taken to hold Amanda at Rolling Hills, were part of the provision of mental health services. Plaintiffs' claims of abuse of process, false imprisonment, intentional and negligent infliction of emotional distress, breach of the duty of care, conversion and assault are all related to the provision of health care services and are governed by Tennessee's Health Care Liability Act.

In their Objections, Plaintiffs argue, for the first time, that Defendant is liable for medical battery. Plaintiffs' Amended Complaint does not set forth a claim for medical battery. The court

finds, however, that, even if Plaintiffs' Amended Complaint is read to include a medical battery claim, that claim also qualifies as a "health care liability action." The statute includes any civil action related to the provision of health care services, *regardless of the theory of liability on which the action is based.* Tenn. Code Ann. § 29-26-101(a)(1). If Plaintiffs are arguing that involuntary commitment constituted medical battery, then for the same reason that their abuse of process and false imprisonment claims involve health care services, medical battery would as well. If Plaintiffs are arguing that the alleged assault by an orderly constituted medical battery, then, for the same reason that their assault claim involved health care services, medical battery would as well.

Plaintiffs' Objections are not persuasive. Plaintiffs continue to argue against the Motion to Dismiss rather than filing specific objections to the Report and Recommendation. Plaintiffs also attempt to introduce a claim not pled in the Amended Complaint. Even if the court accepts that claim (medical battery), it does not change the result.

## CONCLUSION

For these reasons, the Report and Recommendation of the Magistrate Judge (Docket No. 57) is adopted and approved. Defendant's Motion to Dismiss (Docket No. 13) is GRANTED, and this action is DISMISSED without prejudice.

**IT IS SO ORDERED**.

ENTER this 11th day of July 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE